[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15283
Non-Argument Calendar
_____

D.C. Docket No. 3:13-cr-00008-TCB-RGV-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN FERNANDO TABOADA-SAMANO,
a.k.a. Manuel Lopez Lopez,
a.k.a. Juan Taboada-Samano,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 30, 2014)

Before TJOFLAT, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Juan Taboada-Samano appeals his below-guideline-range 41-month

sentence of imprisonment, imposed for being unlawfully within the United States after previously having been deported. On appeal, Taboada-Samano challenges his sentence as substantively unreasonable, arguing that the sentence was unreasonably increased based on a 15-year-old offense that was within days of not counting towards his criminal history. After careful review, we affirm.

## I.

Taboada-Samano, a native and citizen of Mexico, was found unlawfully in the United States on March 7, 2013, despite having been deported from the United States in 1998. He was found in a county jail in Georgia after being arrested on state charges of possession with intent to distribute methamphetamine and possession of a firearm during the commission of a felony. A federal grand jury indicted Taboada-Samano on one count of being unlawfully within the United States after previously having been deported, in violation of 8 U.S.C. § 1326(a), (b)(2). Taboada-Samano pled guilty without a written agreement.

The probation officer prepared a presentence investigation report ("PSR"), assigning Taboada-Samano a base offense level of eight, pursuant to United States Sentencing Guidelines Manual ("U.S.S.G.") § 2L1.2(a). The probation officer then added sixteen levels under § 2L1.2(b)(1)(A) because Taboada-Samano had been deported after a conviction for a felony drug-trafficking offense for which the sentence exceeded thirteen months. Specifically, Taboada-Samano had been

2

convicted of possession with intent to sell heroin in April 1997, sentenced to two years' imprisonment, and subsequently deported. The probation officer subtracted three levels for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b), resulting in a total offense level of 21.

Taboada-Samano was assigned six criminal history points, which corresponded to a criminal-history category of III. In addition to the 1997 heroin conviction, Taboada-Samano had two 2003 convictions in state court for first-degree forgery, as well as convictions for the methamphetamine and firearm offenses that gave rise to this case. Based on an offense level of 21 and a criminal-history category of III, Taboada-Samano's guideline range was 46 to 57 months of imprisonment.

Taboada-Samano filed objections to his criminal-history category. He conceded that the point tally for his criminal-history score was correct, but he argued that counting his 1997 conviction overstated the severity of his criminal history. He therefore requested a downward departure to a criminal-history category of II, which would have resulted in a guideline range of 41 to 51 months' imprisonment, and he stated that a sentence at the low end of the reduced range would have been reasonable. In addressing Taboada-Samano's objections, the probation officer noted "that if the [1997] offense conduct occurred 17 days later, the total offense level would have been 17 and his criminal history category would

3

have been II resulting in a custody guideline range of 27 to 33 months."[1]

At sentencing, Taboada-Samano again argued that his criminal history category was overstated. He explained that the 1997 conviction was several days from being too old to count for purposes of calculating his criminal-history category. Without using the 1997 conviction, Taboada-Samano asserted, he would have received a criminal-history category of II, which was reasonable in this case, and with that category he would "still be facing 41 months in custody on the low end" of the guideline range. The district court overruled Taboada-Samano's objection because "at some point we have to have a cut-off," but stated that it would "remember at sentencing that he barely made category [III]" and that the age of the offense was significant. The government argued for a sentence in the middle of the guideline range of 46 to 57 months' imprisonment.

In sentencing Taboada-Samano, the district court stated that what Taboada-Samano did in 1997 was "really bad," and that his 2013 conviction was bad as well, but that Taboada-Samano went a long time "without doing anything of that nature." Stating that it hoped the sentence would effectively deter him from future criminal conduct, the court sentenced Taboada-Samano to 41 months of imprisonment. This appeal followed.

---

[1] The difference in the offense level resulted from the operation of § 2L1.2(b)(1)(A), which provides that the sixteen-level enhancement applies only if the prior qualifying conviction, for which the sentence exceeds thirteen months, receives criminal-history points for purposes of calculating a defendant's criminal-history category. If the prior conviction does not receive criminal-history points, a twelve-level enhancement applies instead. U.S.S.G. § 2L1.2(b)(1)(A).

4

## II.

Taboada-Samano argues that the district court's 41-month sentence of imprisonment is substantively unreasonable because the sixteen-level enhancement under § 2L1.2(b)(1)(A) was unreasonably applied and lacks empirical support, and because the court overemphasized his criminal history and did not take into account his personal history and characteristics.

We review the substantive reasonableness of a sentence using a deferential abuse-of-discretion standard. *United States v. Irey*, 612 F.3d 1160, 1165 (11th Cir. 2010) (*en banc*). We will vacate a sentence only if "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1190 (internal quotation marks omitted). But we will not "set aside a sentence merely because we would have decided that another one is more appropriate." *Id.* at 1191. The party challenging the sentence bears the burden of showing that it is unreasonable in light of the record and § 3553(a) factors. *United States v. Langston*, 590 F.3d 1226, 1236 (11th Cir. 2009).

The district court must impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of 18 U.S.C. § 3553(a)(2). 18 U.S.C. § 3553(a). These purposes include the need for a sentence to reflect the

5

seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from future criminal conduct. *Id.* § 3553(a)(2). Additional considerations include the nature and circumstances of the offense, the history and characteristics of the defendant, the applicable guideline range, and the pertinent policy statements of the Sentencing Commission. *Id.* § 3553(a)(1), (3)-(7). The district court must consider these factors in imposing sentence, but the court has the discretion to determine the weight given to any particular § 3553(a) factor and does not need to discuss each factor. *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008).

The district court did not abuse its discretion in sentencing Taboada-Samano to 41 months of imprisonment.[2] The fact that his sentence fell below the applicable guideline range indicates that it was reasonable, because we ordinarily expect that a sentence within the guideline range is reasonable. *United States v. Alfaro-Moncada*, 607 F.3d 720, 735 (11th Cir. 2010). And the court specifically discussed the seriousness of Taboada-Samano's prior convictions and the need to deter him from future criminal activity. *See* 18 U.S.C. § 3553(a). The defendant's

---

[2] The government argues that we should not review the reasonableness of Taboada-Samano's sentence at all—because he invited any error in that respect by requesting the 41-month sentence he received—or that we should review for only plain error. We decline to decide whether Taboada-Samano invited any error as to his sentence or whether plain-error review applies because, in any case, he has failed to carry his burden to demonstrate that his sentence was substantively unreasonable in light of the record and the § 3553(a) factors. *United States v. Victor*, 719 F.3d 1288, 1291 n.3 (11th Cir. 2013); *see Irey*, 612 F.3d at 1189; *Langston*, 590 F.3d at 1236.

assertion that the district court placed undue negative emphasis on his criminal history is unavailing. In fact, the record is clear that the district court, despite overruling Taboada-Samano's objection, expressly took into account the age of the conviction and its effect on his criminal-history category. The court stated that it found the age of the 1997 conviction to be "significant," noted that Taboada-Samano was barely in the criminal-history category of III, and then varied downward from the guideline range to the low end of the range that, according to Taboado-Samano, would have applied if he had been in a criminal-history category of II.

Although the sixteen-level enhancement under § 2L1.2(a)(1)(A) is substantial, Taboada-Samano has not shown that the court unreasonably applied it. He contends that the enhancement lacks empirical support, but we have held that the enhancement was rationally "designed to deter aliens who have been convicted of a felony from re-entering the United States." *United States v. Adeleke*, 968 F.2d 1159, 1161 (11th Cir. 1992). And while the lack of empirical support for a guideline adjustment may provide reason for a district court to vary downward from the guideline range, it does not compel that result. *See United States v. Snipes*, 611 F.3d 855, 870 (11th Cir. 2010) ("[T]he absence of empirical evidence is not an independent ground that compels the invalidation of a guideline."); *see also Kimbrough v. United States*, 552 U.S. 85, 109-10, 128 S. Ct. 558, 575 (2007).

7

Tabaoda-Samano further argues that, based on the Ninth Circuit's opinion in *United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1055-56 (9th Cir. 2009), the routine application of the § 2L1.2(b)(1)(A) enhancement based on a stale conviction is unreasonable. But even if *Amezcua-Vasquez* were binding, which it obviously is not, it is distinguishable because, in that case, the district court failed to take into account the "staleness of the prior conviction and [the defendant's] subsequent lack of any other convictions for violent crimes." *Amezcua-Vasquez*, 567 F.3d at 1056. Here, by contrast, the court expressly took into account the age of the conviction. Moreover, despite the age of the 1997 drug-trafficking conviction, Taboada-Samano's criminal history was significant and showed a pattern of reoffending, including a conviction in 2013 for possession with intent to distribute methamphetamine. *See* 18 U.S.C. § 3553(a)(1), (2).

Taboada-Samano's remaining arguments—that he has a history of working hard, that he is regretful, and that his conviction in this case arose out of his commitment to reunite with his family in the United States—do not compel the conclusion that the district court committed a clear error of judgment in weighing the § 3553(a) factors. *See Irey*, 612 F.3d at 1191. The district court's below-guideline-range sentence of 41 months of imprisonment fell within the range of reasonable sentences based on the totality of the circumstances and the relevant § 3553(a) sentencing factors. Accordingly, we affirm.

**AFFIRMED.**

9