[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12418
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20945-UU-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARY WAYNE PETERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 9, 2015)

Before JORDAN, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Gary Wayne Peters was sentenced to serve 48 months in prison after pleading guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343. His

sentence was double the top end of his United States Sentencing Guidelines range of 18 to 24 months.  On appeal, Peters argues that his sentence was procedurally unreasonable because the district court failed to (1) consider the 18 U.S.C. § 3553(a) sentencing factors, (2) use the guideline range as a benchmark, or (3) provide an adequate explanation for its decision to vary upward to 48 months.  Peters also challenges the substantive reasonableness of the sentence on the ground that the court's variance was not supported by a sufficient justification.  After careful consideration, we affirm.

## I.

From the beginning of 2010 through August 2012, Peters fraudulently represented to an undocumented Slovakian immigrant living in the United States that Peters could help him obtain lawful immigration status here.  In particular, Peters told the victim that he knew immigration officials and that he had filed an immigration petition on the victim's behalf.  Neither was true.  In exchange for his "help" and purportedly to aid the immigration process, Peters requested money.  In total, Peters received from the victim nearly $25,000 in wire transfers and personal checks.  When the victim asked Peters about the status of his petition, Peters had other individuals call the victim, falsely represent that they were agents with the Department of Homeland Security, and induce the victim to continue making payments to Peters.

2

Peters was arrested in January 2014 and then indicted by a federal grand jury on eight counts of wire fraud and one count of encouraging an alien to reside in the United States.  He pled guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343, under a written plea agreement.

The probation officer prepared a presentence investigation report ("PSR") and calculated the guideline range under the United States Sentencing Guidelines Manual ("U.S.S.G.").  The PSR reflected that the total offense level was 13.  This included a two-level increase for a crime involving a vulnerable victim, under U.S.S.G. § 3A1.1(b)(1).  Peters objected to the victim enhancement, arguing that the offense level should be 11.

The PSR reflects that Peters had several prior criminal convictions, for which the probation officer placed him into criminal history category IV.  His criminal history began in 2000, at the age of forty-five, when he was convicted of driving under the influence.  Between 2002 and 2003, Peters was convicted of uttering a forged instrument, grand theft (stealing buckets of paint from Home Depot), and burglary of an unoccupied dwelling (taking and pawning statues worth $3,000 from a family friend who was away on vacation).  The PSR shows no further convictions until 2012, when Peters was again convicted of grand theft, as well as dealing in stolen property, after stealing and pawning two rings from his sister's house, where he was staying and babysitting.  Peters was also convicted of

3

marijuana possession around this time.  While on probation, he was asked to leave his brother's home because he was stealing from his brother and his brother's son.

With a criminal history category of IV and a total offense level of 13, The PSR provided a guideline range of 24 to 30 months of imprisonment.  The statutory maximum term of imprisonment was 20 years.  18 U.S.C. § 1343.

The PSR also detailed information about Peters's personal, family, and business history.  Peters objected to the following factual allegations in the PSR concerning this information:  Peters had borrowed thousands of dollars from his son without paying him back; had used his son's credit cards without his son's knowledge or permission; had taken money from his then-wife's purse without her knowledge; and, according to his former business partner, had stolen approximately $300,000 from the partner, the business, and their customers.

At the sentencing hearing, the district court explained the PSR's calculation of the guideline range and then addressed Peters's objection to the vulnerable-victim enhancement, hearing testimony from the victim, who was present in court. The victim explained how Peters threatened to contact authorities to detain or deport the victim and his wife if he did not pay.  Based on the victim's statements, the court concluded that the § 3A1.1(b)(1) enhancement did not apply and sustained Peters's objection to the two-level increase.  With two levels removed, the new guideline range was 18 to 24 months of imprisonment.

4

The district court asked for sentencing recommendations from the parties and indicated that it was considering going above the guideline range. The government recommended a sentence at the low end of the guideline range, citing to the plea agreement. Peters's attorney likewise argued that an 18-month sentence was appropriate because Peters's entire criminal history was isolated to two distinct time periods, both when he was going through difficult personal times caused by divorce, illness, or job loss. Despite these problems, his attorney asserted, Peters had done good things in life, was a good husband and father, and had built up a successful business. The court disagreed that Peters had been "successful," noting the PSR's description of Peters's theft from a business partner, which was, according to the court, "totally consistent with Mr. Peters'[s] background." Peters's attorney denied that Peters had stolen from the partner and suggested that the PSR did not accurately reflect the person that he was. But the court went on to state, "This is the person he is. He steals from his relatives. He steals from his business partner. He steals from immigrants. He steals from anybody he comes into contact with."

After hearing from Peters personally, the district court concluded that a sentence of 48 months of imprisonment was appropriate, explaining as follows:

> I think the guidelines are entirely inadequate in this case.
> They fail to account for the threats that were made to the
> victim and his wife. They fail to account for [the] kinds

of vulnerabilities that someone in this victim's situation faced.

The guidelines are too low in this case in relationship to the defendant's criminal history and the defendant's conduct, which I have absolutely no doubt about that has not resulted in criminal charges, occurred; that the thefts and embezzlements that are reflected in the PSI, they are entirely consistent with his criminal history. Even his own family describes him as a thief.

. . . .

The Court has considered the statements of the parties, the presentence report containing the advisory guidelines and all of the statutory factors, but in particular the ones I mentioned, and the need for general and specific deterrence in this case.

Peters objected to the reasonableness of the sentence and to the court's reliance on facts he had objected to in the PSR concerning theft from his business partner and some family members. In response, the court stated, "And let me make it clear for the record that even if you were to eliminate those items from my consideration entirely, the sentence would be exactly the same based on his criminal record, the information provided here today by the victim, and everything else in the [PSR]." This timely appeal followed.

**II.**

We review the reasonableness of a sentence, whether imposed inside or outside the guideline range, under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). Our review is a two-

step process. We first ensure that the district court did not commit any significant procedural errors, such as failing to calculate or improperly calculating the guideline range, treating the Sentencing Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) sentencing factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence— including an explanation for any variance from the guideline range. *Id.*

If the district court committed no significant procedural error, we then review the substantive reasonableness of the sentence under the totality of the circumstances. *Id.*; *United States v. Dougherty*, 754 F.3d 1353, 1361 (11th Cir. 2014). The party challenging the sentence bears the burden of showing that it is unreasonable in light of the record and the § 3553(a) factors. *Dougherty*, 754 F.3d at 1361. Generally, we will defer to the district court's judgment about an appropriate sentence "unless the district court has made a clear error of judgment and has imposed a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1361-62 (internal quotation marks omitted).

A. *Procedural Reasonableness*

Peters challenges the procedural reasonableness of his sentence on three grounds. First, he asserts, the district court failed to consider the § 3553(a) factors by disregarding mitigating evidence about his criminal history, his age, and his

poor health.  Second, he contends, the court failed to use the guideline range as a sentencing benchmark.  And third, he argues, the court's explanation for the sentence imposed was inadequate because it was confusing, took into account factors which had already been considered in the guideline range, and relied on unproven allegations.[1]  We disagree on all points.

Although the Sentencing Guidelines are no longer mandatory, the Supreme Court has explained that a properly calculated guideline range should be the "starting point and the initial benchmark" for the district court at sentencing.  *Gall*, 552 U.S. at 49, 128 S. Ct. at 596.  The district court must then hear argument from the parties about what would be an appropriate sentence and consider the § 3553(a) sentencing factors as they apply to the individual defendant.  *Id.* at 49-50, 128 S. Ct. at 596-97.

Under § 3553(a), the district court must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant.  18 U.S.C. § 3553(a)(2).  In determining the sentence to be imposed, the court must also consider the nature

---

[1]  The Government asserts that plain-error review applies to these arguments because they were not raised before the district court.  *See, e.g.*, *United States v. Patterson*, 595 F.3d 1324, 1326 (11th Cir. 2010).  We do not address whether plain-error review applies because Peters has shown no error, plain or otherwise.  *United States v. Victor*, 719 F.3d 1288, 1291 n.3 (11th Cir. 2013).

and circumstances of the offense and the history and characteristics of the defendant, among other factors.  18 U.S.C. § 3553(a)(1).

The court must also explain the reasons for its chosen sentence, particularly when, as here, the court varies from the guideline range.  *Gall*, 552 U.S. at 50, 128 S. Ct. at 597; *see* 18 U.S.C. § 3553(c)(2).  For purposes of appellate review, we have explained that "the district court should set forth enough information" to show "that it has considered the parties' arguments and has a reasoned basis for making its decision."  *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir.), *cert. denied*, 134 S. Ct. 140 (2013).

Here, the district court properly calculated the guideline range and used it as a benchmark.  At the beginning of the hearing, the court explained the guideline range as calculated in the PSR and then addressed Peters's objection to the vulnerable-victim enhancement.  It is true that the court did not explicitly recalculate the guideline range after sustaining the objection, but this omission does not show that the court "failed to actually determine a range," as Peters contends.  Peters knew full well that the guideline range was 18 to 24 months without the enhancement, as is clear from his earlier-filed objections to the PSR and his attorney's comments at sentencing.  Further, in providing reasons for its 48-month sentence, the court explained that the guidelines were "too low" and

9

"inadequate" in this case, indicating that it taken the guideline range into consideration. Thus, the court did not err in this respect.

The transcript of the sentencing hearing also makes clear that the district court listened to, but simply disagreed with, Peters's arguments in favor of mitigation. The court explicitly stated that it had considered the parties' arguments, the § 3553(a) factors, and the information in the PSR. We do not require the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each one of the § 3553(a) factors. *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008); *see United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007) (stating that the failure to discuss mitigating evidence does not mean that the court ignored or failed to consider such evidence). Rather, it is sufficient for the district court to acknowledge that it has considered the § 3553(a) factors. *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007). Here, the court did so before imposing sentence.

Finally, we conclude that the district court's explanation for the sentence was sufficient to support the court's upward variance in this case. The court provided the following reasons for its sentence: (1) the guideline range was too low to account for the seriousness of the conduct, which included victimizing a vulnerable immigrant and threatening him and his wife; (2) Peters's criminal history and other criminal conduct showed numerous occasions of theft from

10

friends, family, and strangers; (3) specific deterrence was particularly warranted in this case; and (4) general deterrence of conduct such as this against immigrants was important.

Peters contends that the court's explanation was deficient because the court relied on his criminal record, which was already accounted for in his guideline range, and on the vulnerability of the victim, despite having sustained Peters's objection to that enhancement.  But we have explained that "[t]he district court may consider facts that were taken into account when formulating the guideline range for the sake of a variance."  *Dougherty*, 754 F.3d at 1362.  By the same token, the district court may also consider facts, like the vulnerability of the immigrant victim in this case, that did not factor into the guideline range.  The Sentencing Guidelines are not mandatory, and the district court bears the ultimate responsibility of making an individualized assessment based on the § 3553(a) factors.  *See Gall*, 552 U.S. at 49-50, 128 S. Ct. at 596-97.  The § 3553(a) factors include the nature and circumstances of the offense and the history and characteristics of the defendant.  18 U.S.C. § 3553(a)(1).  That the court properly considered Peters's criminal history and the vulnerability of the victim is confirmed by 18 U.S.C. § 3661, which states, "No limitation shall be placed on the information concerning the background, character, and conduct of a person

convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

As for Peters's objection to the part of the district court's reasoning that the court based its sentence in part on objected-to facts in the PSR, regarding Peters's theft from his business partner, son, and ex-wife, which were not established by the government at the sentencing hearing, s*ee United States v. Bennett*, 472 F.3d 825, 832 (11th Cir. 2006) ("Where a defendant objects to the factual basis of his sentence, the government has the burden of establishing the disputed fact."), the court clarified, "And let me make it clear for the record that even if you were to eliminate those items from my consideration entirely, the sentence would be exactly the same based on his criminal record, the information provided here today by the victim, and everything else in the PSI."  We do not agree with Peters that the court committed "significant procedural error" for several reasons.

First, the purported error affected only part of one of the district court's reasons for imposing the 48-month sentence.  The court's reliance on the seriousness of the conduct and the need for the sentence to account for both general and specific deterrence remains unaffected.  Second, even solely with respect to Peters's "criminal conduct," the objected-to facts were not unique in showing that Peters had stolen from a wide range of people, sometimes without legal sanction.  Other unobjected-to facts in the PSR, which the district court

12

appears to have referred to by the phrase, "everything else in the PSI," indicate that Peters had stolen from his sister, from his brother and his brother's son, from a family friend, from the victim in this case, and from Home Depot. *See Bennett*, 472 F.3d at 832 ("A sentencing court's findings of fact may be based on undisputed statements in the PSI."). These facts are consistent with the court's earlier statements in responding to Peters's request for an 18-month sentence. Third, we take the district court at its word that the sentence would be the same without consideration of the disputed facts. *Cf. United States v. Keene*, 470 F.3d 1347, 1349-50 (11th Cir. 2006) (applying harmlessness review to guideline-calculations errors where the district court states that it would have imposed the same sentence absent the application of the guideline provision). Finally, we conclude that the district court's explanation was otherwise sufficient to show "that it has considered the parties' arguments and has a reasoned basis for making its decision." *Kuhlman*, 711 F.3d at 1326.

In sum, we conclude that the district court committed no procedural error. *See id.* Therefore, we turn to the substantive reasonableness of the sentence.

B. *Substantive Reasonableness*

Peters challenges the substantive reasonableness of his sentence on the basis that the district court's justification was insufficient to support the significant

variance, particularly when, he asserts, the guideline range had already accounted for the factors on which the court based the variance.

Our review for substantive reasonableness includes whether the sentence imposed by the district court fails to achieve the purposes of sentencing under § 3553(a). *Kuhlman*, 711 F.3d at 1327. When the sentence is outside the guideline range, we consider the degree of variance and the extent of the deviation from the guideline range. *United States v. Irey,* 612 F.3d 1160, 1186-87 (11th Cir. 2010) (*en banc*). The justification given by the district court "must be sufficiently compelling to support the degree of variance." *Id.* (internal quotation marks omitted). But we must give due deference to the court's decision that the § 3553(a) factors justify the extent of the variance. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597; *see Dougherty*, 754 F.3d at 1361-62 (stating that we must defer to the weight the district court gives the § 3553(a) factors unless the court makes a clear error of judgment). That we might reasonably conclude that a different sentence is appropriate is insufficient to justify reversing the district court. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. Moreover, a sentence well below the statutory maximum sentence signals reasonableness. *Dougherty*, 754 F.3d at 1362.

Here, Peters has not met his burden of showing that his 48-month sentence was substantively unreasonable. The district court considered the § 3553(a) factors and concluded that an above-guideline range sentence was necessary to achieve the

statutory purposes of sentencing.  As the court found, the conduct underlying the offense was serious.  *See* 18 U.S.C. § 3553(a)(2)(A).  Peters and those he enlisted to help him did not just cause economic harm by defrauding the victim out of at least $25,000.  But he also caused psychological damage over a protracted period—not to mention the potential immigration consequences for the victim, who believed that a valid petition for lawful status was filed on his behalf—by threatening the victim and his family with deportation if they did not pay up.  In addition, Peters's criminal history, almost all of which is for theft or fraud offenses, supports the district court's reliance on both general and specific deterrence in fashioning an appropriate sentence.  *See* 18 U.S.C. § 3553(a)(2)(B).  The sentence is also supported by the need to protect the public from further crimes of Peters.  *See* 18 U.S.C. § 3553(a)(2)(C).  Finally, the 48-month sentence was considerably lower than the statutory maximum sentence of 20 years, signaling that the sentence was substantively reasonable.  *Dougherty*, 745 F.3d at 1362.

In light of these considerations, we cannot say that the district court committed a "clear error of judgment" by imposing "a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *Id.* at 1361-62 (quotation marks omitted).

15

## IV.

In short, the district court did not abuse its discretion in sentencing Peters to 48 months of imprisonment. Accordingly, we affirm.

**AFFIRMED.**