[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-12809
Non-Argument Calendar

_____

D.C. Docket No. 0:11-cr-60246-DTKH-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LARRY VICTOR,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 27, 2013)

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

KRAVITCH, Circuit Judge:

Larry Victor appeals his 121-month sentence imposed after he pleaded

guilty to bank robbery, in violation of 18 U.S.C. § 2113(a) (Count 1), and

brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 2).  After careful review, we affirm.

I.

On September 22, 2011, Victor entered a Pembroke Pines, Florida, credit union with his hand in his jacket pocket as if concealing a firearm.[1]  Victor found a lobby employee and, while holding in his pocket what the employee believed to be a gun pointed at her, directed her to the teller line.  Victor yelled that he had a gun and would kill any bank employee who did not comply with his demands.  With the lobby employee frozen in fear beside him, Victor demanded money from the tellers, who gathered cash from their drawers.  Meanwhile, an employee in the bank's office called the local police department.

When police arrived on the scene, Victor had fled in a car driven by a friend. Officers gave chase, and Victor brandished an assault rifle from the rear window of the car, pointing it at the pursuing officers.  When the officers finally apprehended Victor, he admitted that he robbed the bank while holding the assault rifle's clip in his jacket pocket to fool bank employees into believing he was armed, and that he had aimed the rifle at the officers who followed him.  Victor ultimately pleaded guilty to the bank robbery and to brandishing the assault rifle in furtherance of that crime.

---

[1]  We recite the events as reflected in the presentence investigation report's factual description of the offense conduct, to which Victor did not object.

Count 2 – brandishing the assault rifle – carried a statutory mandatory minimum seven-year sentence to run consecutive to any other term of imprisonment.  *See* U.S.S.G.  § 3D1.1(b)(1).  For Count 1, the bank robbery, the presentence investigation report (PSI) the probation office prepared calculated a base offense level of 20.  *See id.* § 2B3.1(a).  The PSI calculated a two-level enhancement under § 2B3.1(b)(4)(B) for Victor's physical restraint of a person (the lobby employee) to facilitate commission of the robbery.  After an additional enhancement for taking the property of a financial institution and a reduction for acceptance of responsibility, Victor's total offense level was 21.  Combined with a criminal history category of I, this yielded a guidelines range of 37 to 46 months' imprisonment on Count 1, to run consecutively with a range of 7 years to life on Count 2.

Victor objected to the physical-restraint enhancement, arguing that he did not physically touch the lobby employee and moved her only a few steps.  The district court overruled the objection.  Victor also requested a downward variance, but the district court rejected his request, citing the sentencing factors listed in 18 U.S.C. § 3553(a).  Ultimately, the district court sentenced Victor to 37 months' imprisonment on Count 1, to be served consecutively to the mandatory minimum 7 years' imprisonment on Count 2.  This is Victor's appeal.

II.

Victor first argues the district court erred in applying the two-level physical-restraint enhancement, reasoning that his conduct did not amount to physical restraint because he simply walked behind the lobby employee for a short distance without touching her. *See* U.S.S.G. § 2B3.1(b)(4)(B). We review a sentencing court's findings of fact for clear error and its application of the guidelines *de novo*. *United States v. Newman*, 614 F.3d 1232, 1235 (11th Cir. 2010).[2] The government bears the burden of establishing the applicability of a sentencing enhancement by a preponderance of the evidence. *United States v. Turner*, 626 F.3d 566, 572 (11th Cir. 2010).

Section 2B3.1(b)(4)(B) "provides an enhancement for robberies where a victim was . . . physically restrained by being tied, bound, or locked up." U.S.S.G. § 2B3.1, cmt. background; *see also id.* § 1B1.1 cmt. (n.1(K)). We have made clear, however, that the enhancement is not limited to those examples it provides, but also applies when the defendant's conduct "ensured the victims' compliance and effectively prevented them from leaving" a location. *United States v. Jones*, 32 F.3d 1512, 1518-19 (11th Cir. 1994); *see also United States v. Whatley*, No. 11-14151, — F.3d — , 2013 WL 2382278, at *16 (11th Cir. June 3, 2013). Here, by

---

[2] Circuit precedent forecloses the government's argument that, because Victor objected to the enhancement after presentation of the PSI but not after imposition of the sentence, the objection is waived. *United States v. Weir*, 51 F.3d 1031, 1033 (11th Cir. 1995).

threatening the lobby employee with what the employee believed to be a gun to prevent her from escaping, Victor physically restrained her within the guidelines' meaning. *See Jones*, 32 F.3d at 1519. The fact that Victor was not actually armed with a gun at the time is immaterial – he intended to and did make the lobby employee believe he had one so that she was forced to comply. And, although Victor argues he did not move the employee for a significant distance, § 2B3.1(b)(4)(B) contains no requirement that the victim be moved at all. *See Whatley*, 2013 WL 2382278, at *16 (explaining that the principal distinction between U.S.S.G. § 2B3.1(b)(4)(A)'s abduction enhancement and (b)(4)(B)'s physical-restraint enhancement is the movement of a victim to a "different location"). For these reasons, the district court did not err in applying the enhancement.

## III.

Victor next challenges the substantive reasonableness of his sentence. He argues that he was desperate for money at the time, had no criminal record, and expressed remorse for his offense, all of which weighed in favor of a sentence well below his guidelines range. We review the reasonableness of a sentence for an abuse of discretion.[3] *Gall v. United States*, 552 U.S. 38, 41 (2007). "We may set

---

[3] The government contends we should review Victor's substantive-reasonableness claim only for plain error. But we need not decide if plain-error review applies because we conclude there was no error, plain or otherwise.

aside a sentence only if we determine, after giving a full measure of deference to the sentencing judge, that the sentence imposed truly is unreasonable." *United States v. Irey*, 612 F.3d 1160, 1191 (11th Cir. 2010) (*en banc*).

The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in § 3553(a), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a). We examine the reasonableness of a sentence mindful of the totality of the circumstances. *Gall*, 552 U.S. at 51. "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

We conclude that Victor has not demonstrated his sentence was substantively unreasonable. His 121-month sentence was within the applicable guideline range, and we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). And his sentence is supported by the § 3553(a) factors, which the district court discussed at length. The court considered the nature and circumstances of Victor's offenses, emphasizing that, even when officers arrived on the scene, Victor "prepared himself to respond forcibly to them." *See* 18 U.S.C. § 3553(a)(1). The court also considered Victor's

6

history and characteristics, explaining that Victor had no criminal history, a supportive family, and a remorseful attitude. *See id.* And the court stressed the need for Victor's sentence to "reflect the seriousness of this crime," "promote respect for the law," and serve as a deterrent. *See id.* § 3553(a)(2). Based on these carefully considered factors, we do not agree that the district court's failure to impose a below-guidelines sentence was unreasonable.

**AFFIRMED.**