[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10954
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cr-00383-EAK-AEP-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JARIS YOUNGBLOOD,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____
(October 22, 2013)

Before MARCUS, MARTIN, and JORDAN, Circuit Judges.

PER CURIAM:

Jaris Youngblood appeals his 188-month sentence for distributing and possessing crack cocaine with the intent to distribute. After reviewing the record and the parties' briefs, we affirm.

I

Mr. Youngblood engaged in a number of crack cocaine sales transactions with an undercover police officer over the course of several months.   On November 8, 2012, Mr. Youngblood pled guilty to four counts of distributing and possessing crack cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1).   Because he was charged with controlled substance offenses and had previously been convicted of two charges of possession of cocaine with intent to sell, Mr. Youngblood was classified as a career offender, with a corresponding advisory range under the Sentencing Guidelines of 188 to 235 months' imprisonment.    The district court imposed a sentence of 188 months' imprisonment, explaining that it based its sentence, in large part, on Mr. Youngblood's previous criminal conduct, history, and characteristics.

On appeal, Mr. Youngblood argues that his sentence is substantively unreasonable because (1) the sentence did not comport with the "parsimony clause" in 18 U.S.C. § 3553(a); (2) public policy considerations render the career offender guideline unsound; (3) the government's comment at sentencing that a 188-month sentence would be "more than enough to get [Mr. Youngblood's] attention" led to the application of the wrong sentencing standard; and (4) the district court's statement at sentencing expressing concern that it would "be reversed by the 11th Circuit for failing to follow the advisory guidelines"

2

demonstrated that the district court erroneously analyzed and applied the advisory guidelines as mandatory.

## II

We review the substantive reasonableness of a sentence for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Even if the district court's sentence is more severe or more lenient than the sentence we would have imposed, we will only reverse if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the [18 U.S.C.] § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)).

## III

First, Mr. Youngblood contends that his sentence was longer than necessary to achieve the sentencing goals of § 3553(a) and thereby violated the so-called "parsimony principle." We ordinarily expect, but do not automatically assume, that a sentence within the applicable advisory guidelines range is reasonable. *United States v. Victor*, 719 F.3d 1288, 1291 (11th Cir. 2013) (citing *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008)). The district court's sentence in this case fell at the low end of the guideline range of 188 to 235 months' imprisonment.

3

The district court considered Mr. Youngblood's personal and criminal history and concluded that a sentence of 188 months' imprisonment comported with the Section 3553(a) factors. Under these circumstances, we find no abuse of discretion.

Second, Mr. Youngblood argues that a policy disagreement over the application of the career offender guideline to a "low-level, non-violent drug addict/dealer" renders his sentence substantively unreasonable under *Kimbrough v. United States*, 552 U.S. 85 (2007) and *Spears v. United States*, 555 U.S. 261 (2009). Although *Kimbrough* and *Spears* held, at most, that a district court may vary from a guidelines range where it disagrees with a particular guideline, application of this principle necessarily requires that the district court actually disagree with the guideline at issue. Here, the district court declined Mr. Youngblood's suggestion that it vary from the career offender advisory guideline, and the record offers no indication that the district court did, in fact, take issue with the policy underlying that guideline. *See Dell v. United States*, 710 F.3d 1267, 1279 (11th Cir. 2013) ("*Kimbrough* empowered the district courts with this discretion, but it did not command them to exercise it.").

Third, Mr. Youngblood maintains that the government's comment at sentencing that a 188-month sentence would be "more than enough to get [Mr. Youngblood's] attention" set forth an erroneous sentencing standard. The record,

4

however, reflects that the district court applied the correct sentencing standard, having stated on the record that "the sentence imposed is sufficient but not greater than necessary to comply with the statutory purposes of sentencing." *See* 18 U.S.C. § 3553(a). This argument therefore fails.

Finally, Mr. Youngblood asserts that the district court's statement that it would "be reversed by the 11th Circuit for failing to follow the advisory guidelines" demonstrated an improper unwillingness to grant a downward variance for fear of reversal. Coming as it did following Mr. Youngblood's objection to imposition of the career offender guideline and before the district court entertained argument on a downward variance and made final guideline findings, we construe this comment merely to reflect the district court's recognition that it was required to calculate Mr. Youngblood's guideline range correctly. *See United States v. Balentine*, 106 F.3d 404 (7th Cir. 1996) (Table) (rejecting argument that district court's mere "fear of being overturned" reflected the belief that it could not grant a downward variance).

## IV

Mr. Youngblood's 188-month sentence is affirmed.

**AFFIRMED**.