[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14046
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20382-CMA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ODUMEQWU INGRAM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 21, 2014)

Before PRYOR, MARTIN, and JORDAN, Circuit Judges.

PER CURIAM:

Odumeqwu Ingram appeals his 188-month sentence for possession with intent to distribute 28 grams or more of crack cocaine. After review of the record and the parties' briefs, we affirm.

# I

Because we write for the parties, we assume familiarity with the underlying facts of the case and recite only what is necessary to resolve this appeal.

Following a number of crack cocaine sales transactions with an undercover agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, Mr. Ingram was charged with and ultimately pled guilty to possession with intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). Because he was charged with a controlled substance offense and had at least two prior felony convictions for crimes of violence, Mr. Ingram was classified as a career offender, with a corresponding advisory range under the Sentencing Guidelines of 188 to 235 months' imprisonment.

Mr. Ingram objected to the pre-sentence investigation report and requested a downward variance inasmuch as the report relied on guilty pleas to two prior offenses of which he claimed to be innocent. After hearing Mr. Ingram's testimony to this effect at his sentencing hearing, the district court stated that it "accept[ed] his pleas of guilty at face value, notwithstanding his statements of innocence [ ] to the contrary. The law requires that *Heck v. Humphrey* [512 U.S. 477 (1994)] says that he pled guilty. And to now say I'm—I'm innocent of those and you shouldn't count those offenses against me is very unpersuasive as a basis to grant a variance." The district court imposed a sentence of 188 months'

2

imprisonment followed by four years' supervised release, explaining that it based its sentence, in large part, on Mr. Ingram's previous criminal conduct, the failure of prior sentences to deter him from engaging in criminal activity, and the need to avoid sentencing disparities with other defendants in his criminal history category. In response to a request for clarification from Mr. Ingram's counsel, the district court indicated that it denied the requested downward variance because it did not credit Mr. Ingram's testimony regarding his alleged innocence, rather than because it believed it was compelled to impose a sentence within the advisory guidelines range as a matter of law.

On appeal, Mr. Ingram argues that his sentence is substantively unreasonable because the district court improperly weighed his specific characteristics and imposed a sentence lengthier than necessary to meet the objectives set forth in 18 U.S.C. § 3553(a). Specifically, Mr. Ingram maintains that the district court denied him a downward variance after erroneously presuming that he committed the two prior crimes to which he pled guilty.

## II

We review the substantive reasonableness of a sentence for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). This standard applies "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range." *Id.* Even if the district court's sentence is more severe or more

lenient than the sentence we would have imposed, we will only reverse if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the [18 U.S.C.] § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)).

## III

Mr. Ingram principally challenges his sentence on the ground that the district court denied his requested variance after it improperly presumed his guilt as to the two prior offenses to which he pled guilty. This argument lacks merit. The district court explicitly clarified that it denied the variance because it did not credit Mr. Ingram's testimony, rather than because it believed it was legally bound to sentence him within the advisory guidelines. We find no error in the district court's credibility determination. *See United States v. Pham*, 463 F.3d 1239, 1244 (11th Cir. 2006) (affording "'substantial deference'" to district court's credibility determinations at sentencing); *United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002) ("Credibility determinations are typically the province of the fact finder because the fact finder personally observes the testimony and is thus in a better position than a reviewing court to assess the credibility of witnesses.").

Nor did the district court abuse its discretion in its weighing of the § 3553(a) factors.  We ordinarily expect, but do not automatically assume, that a sentence within the applicable advisory guidelines range is reasonable.  *See United States v. Victor*, 719 F.3d 1288, 1291 (11ᵗʰ Cir. 2013) (citing *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008)).  The district court's sentence in this case fell at the low end of the guideline range of 188 to 235 months' imprisonment.  The district court considered Mr. Ingram's personal and criminal history and concluded that a sentence of 188 months' imprisonment comported with the § 3553(a) factors.  It also observed the fact that previous, lighter sentences for similar crimes had not deterred Mr. Ingram, and expressed concern that granting Mr. Ingram's requested downward variance would create a sentencing disparity with other defendants in his criminal history category.  Under these circumstances, we find no abuse of discretion.

## IV

Mr. Ingram's 188-month sentence is affirmed.

**AFFIRMED**.

5