[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11247
Non-Argument Calendar
_____

D.C. Docket No. 0:13-cr-60279-RNS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDUARDO CHOC PEREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 18, 2014)

Before TJOFLAT, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Eduardo Choc Perez appeals his 46-month sentence, imposed at the bottom

of the applicable advisory guideline range, after pleading guilty to one count of

illegally re-entering the United States after removal, in violation of 8 U.S.C. § 1326(a) and (b)(1).  For the first time on appeal, Choc Perez argues that the district court's adherence to the guideline range, without consideration of mitigating factors about his background and history of alcohol abuse, resulted in a substantively unreasonable sentence.  He contends that the district court placed unjustified reliance on his criminal history and on the Guideline range itself, rendering his sentence greater than necessary to achieve the purposes of sentencing set out in 18 U.S.C. § 3553(a).

Generally, we review the reasonableness of a district court's sentence under a deferential abuse of discretion standard of review.  *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).  When a defendant raises sentencing arguments for the first time on appeal, however, we review for plain error.  *United States v. Bonilla*, 579 F.3d 1233, 1238 (11th Cir. 2009).  We will reverse only if "(1) an error occurred, (2) the error was plain, (3) the error affected substantial rights in that it was prejudicial and not harmless, and (4) the error seriously affected the fairness, integrity, or public reputation of a judicial proceeding."  *United States v. Perez*, 661 F.3d 568, 583 (11th Cir. 2011).

In reviewing the reasonableness of a sentence, we first ensure that the district court committed no significant procedural error, such as improperly calculating the guideline range or inadequately explaining a chosen sentence.  *Gall*,

2

552 U.S. at 51, 128 S.Ct. at 597.  The procedural reasonableness is not at issue in this case.  We then examine whether the sentence was substantively unreasonable considering the totality of the circumstances.  *Id.*  This examination includes an inquiry into whether the statutory factors in § 3553(a) support the sentence.  *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Pursuant to § 3553(a), the district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" set forth in § 3553(a)(2), including promoting respect for the law, deterring criminal conduct, and protecting the public from the defendant's future criminal conduct.  *See* 18 U.S.C. § 3553(a)(2).  In determining a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  *Id.* § 3553(a)(1), (3)-(7).

The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court.  *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008).  A district court's unjustified reliance upon any one § 3553(a) factor may be a symptom of an unreasonable sentence.  *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006).  A district court's failure to give

3

mitigating factors the weight a defendant contends they deserve, however, does not render the sentence unreasonable.  *United States v. Lebowitz*, 676 F.3d 1000, 1016-17 (11th Cir. 2012) (quotation omitted), *cert. denied*, 133 S.Ct. 1492 (2013).  We will only vacate a sentence if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*).

Finally, we ordinarily expect a sentence within the guideline range to be reasonable.  *United States v. Victor*, 719 F.3d 1288, 1291 (11th Cir. 2013).  A sentence imposed well below the statutory maximum penalty is another indicator of reasonableness.  *See United States v. Early*, 686 F.3d 1219, 1222 (11th Cir. 2012).

Because Choc Perez did not did not file any objections to the PSI or raise any objections at sentencing to preserve the issue for appeal, we apply plain-error review.  *See Bonilla*, 579 F.3d at 1238.  Choc Perez failed to demonstrate that the district court plainly erred by imposing a substantively unreasonable sentence.  The record shows that the court expressly considered factors in mitigation, including Choc Perez's alcohol problem.  To the extent that Choc Perez urges us to re-weigh the § 3553(a) factors to place greater emphasis on his mitigating factors, we will

4

not do so.  *See Lebowitz*, 676 F.3d at 1016-17.  Moreover, Choc Perez's sentence met the goals listed in § 3553(a), as his four prior removals and previous sentences of imprisonment had failed to deter him, to protect the public from his criminal conduct, or to promote respect for the law.  *See Gonzalez*, 550 F.3d at 1324; 18 U.S.C. § 3553(a)(2).  Although the district court may have given greater weight to these § 3553(a) factors than others, that is a decision committed to the sound discretion of the district court.  *See Williams*, 526 F.3d at 1322.  Finally, because we ordinarily expect a within-guideline sentence to be reasonable, it follows that we would ordinarily not expect a sentence at the bottom end of the guidelines, such as Choc Perez's 46-month sentence, to be unreasonably severe, particularly when it is well below the statutory maximum sentence of 10 years.  *See Victor*, 719 F.3d at 1291; *Early*, 686 F.3d at 1222.  Accordingly, as Choc Perez has not shown that the district court plainly erred in imposing his sentence, we affirm.  *See Perez*, 661 F.3d at 583.

**AFFIRMED.**