[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15268
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-20599-DPG-1

UNITED STATES OF AMERICA,

Petitioner-Appellee,

versus

LESLIE RUBERO PADILLA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 7, 2016)

Before MARTIN, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Leslie Rubero Padilla appeals her 18-month sentence, imposed after she pled guilty to wire fraud in violation of 18 U.S.C. § 1343. Ms. Padilla contends that her sentence, which was at the top end of the advisory guideline range, is substantively unreasonable, but we disagree, and therefore affirm.

Ms. Padilla worked as a case manager with His House Children's Home, a non-profit agency which contracts with the Office of Refugee Resettlement to provide care and shelter to unaccompanied children who immigrate to the United States without a legal guardian and without lawful immigration status. As a case manager, Ms. Padilla's duties included maintaining contact with the children and their parents, reuniting the families or sending the children to foster care, and reviewing case files. Ms. Padilla falsely informed the parents and guardians that they were required to send her money or the reunification process with their children would be delayed. Several of these parents and guardians—many of whom were living under low socioeconomic conditions—made extra payments to Ms. Padilla ranging between $200 and $1,500 via check or wire transfer. During her employment, Ms. Padilla received over $12,000 in unlawful payments from these parents and guardians.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard of review. *See United States v. Irey*, 612 F.3d 1160, 1188-89 (11th Cir. 2010) (en banc). The district court must impose a sentence that is

2

"sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a), including the need to reflect the seriousness of the offense, promote respect for the rule of law, provide just punishment, deter criminal conduct, and protect the public. *See* § 3553(a)(2). In imposing a particular sentence, the district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *See* § 3553(a)(1), (3)-(7).

The party who challenges the sentence bears the burden of showing that the sentence is unreasonable in light of the 18 U.S.C. § 3553(a) factors and the particular facts of the case. *See United States v. Victor*, 719 F.3d 1288, 1291 (11th Cir. 2013). A sentence within the guideline range is normally expected to be reasonable. *See id.*

The district court's 18-month sentence was within the applicable advisory guideline range of 12-18 months, which suggests reasonableness. *See id.* The district court considered the testimony of Ms. Padilla's family members and employer, which persuaded it to impose a within-guideline sentence, rather than vary upward as the government had requested. Although it is true that Ms. Padilla is a first-time offender, she took financial advantage of parents and guardians who

3

were vulnerable economically and emotionally, and who worried about their children in the United States. We find no abuse of discretion and therefore affirm the district court's 18-month sentence for Ms. Padilla.

**AFFIRMED.**