[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11076
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-00400-MHC-AJB-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DEAMONTE KENDRICKS,
a.k.a. Deamonte J. Kendricks,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 8, 2018)

Before  ROSENBAUM, JULIE CARNES, and HULL, Circuit Judges.

PER CURIAM:

Deamonte Kendricks appeals his sentence of 57 months' imprisonment imposed after he pled guilty to one count of being a felon in possession of a firearm. His sentence represents a six-month downward variance from the low end of the applicable sentencing range under the Federal Sentencing Guidelines Manual ("U.S.S.G."). Kendricks argues that his sentence is substantively unreasonable because the district court refused to impose a greater downward variance to avoid unwarranted disparity in sentencing between himself and his state codefendant and to account for the fact that but for Kendricks's honesty when questioned by police, his guidelines sentence would have been lower. For the reasons that follow, we affirm.

## I.

On October 1, 2015, Kendricks and his passenger, Martinez Antwan Arnold, fled a traffic stop and engaged in a short, high-speed chase that ended after Kendricks ran a stop sign, lost control of the vehicle, and hit a guard rail. The police apprehended the men after they attempted to flee on foot. Upon searching the vehicle, the officers discovered a small amount of marijuana as well as a pistol and a semiautomatic rifle, both loaded. Later investigation revealed that both firearms were stolen.

In subsequent interviews with police, Kendricks admitted that he owned the rifle and that he lent it to Arnold, who planned to use it that night to retaliate

against a rival gang who beat him up.  Kendricks also told police that the pistol was his and described an unrelated incident involving that firearm.

Kendricks and Arnold were both charged in state court, but while Kendricks was also charged in the instant case in federal court, Arnold was not charged in federal court.  After unsuccessfully moving in the instant case to suppress his statements to police,[1] Kendricks pled guilty to being a felon in possession of a firearm.[2]  Both Kendricks's and Arnold's state-court cases are still pending.

## II.

The guideline for the count of conviction was U.S.S.G. § 2K2.1(a)(4)(B).  For the sole count, the base offense level was 20 because the offense involved a firearm capable of accepting a large-capacity magazine (the semi-automatic rifle), and Kendricks was a prohibited person at the time he committed the offense.  The court added two points under § 2K2.1(b)(4)(A) to the offense level because the pistol was stolen.  And it added another four under § 2K2. 1 (b)(6)(B) because Kendricks knowingly allowed Arnold to possess the rifle to be used in connection with a planned drive-by shooting, another felony offense.  Under § 3C1.2, two more points were added because Kendricks recklessly created a substantial risk of death or serious bodily injury to another person when he fled from arresting officers in a high-speed chase and ran a stop sign before crashing.  As a result,

---

[1] Kendricks does not challenge the denial of this motion on appeal.

[2] Kendricks was previously convicted on May 15, 2015, of felony shoplifting and possession of drug paraphernalia.

3

Kendricks's adjusted offense level was 28, before the subtraction of three points under §§ 3E 1.1(a) and 3E1.1(b) because Kendricks accepted responsibility for the offense and assisted authorities by timely notifying them of his intention to enter a guilty plea. Thus, the total adjusted offense level was 25.

Kendricks received one criminal history point for a prior conviction for shoplifting and possession of drug paraphernalia. Because Kendricks was on probation for that crime when he committed the instant offense, his criminal-history score was increased by two under U.S.S.G. § 4A1 .1(d), resulting in a total criminal-history score of three and establishing a criminal-history category of II. Based on a total adjusted offense level of 25 and a criminal-history category of II, the probation officer calculated Kendricks's guideline range to be 63 to 78 months of imprisonment.

The government asked the court to account in Kendricks's sentence for certain conduct that Kendrick did not plead guilty to. For this part, Kendricks argued for a below-guidelines sentence of 37 months' imprisonment, arguing that Arnold initiated the instant offense, his prior criminal history was for shoplifting only, and his offense level was higher because of his honesty during his interviews with police. Kendricks further contended that while he understood the court's reason for denying his motion to suppress the statements, a downward variance

was appropriate to account for the circumstances under which the statements were made.

The court declined to consider conduct for which Kendricks was not convicted and specifically considered his age, history, association with gang activity, and the seriousness of the crime.  It then imposed a 57-month sentence of imprisonment with three years of supervised release.

## III.

We review all sentences, whether within or outside the guidelines, for reasonableness under an abuse-of-discretion standard.  *United States v. Irey*, 612 F.3d 1160, 1186 (11th Cir. 2010) (*en banc*).  The challenging party bears the burden of showing that the sentence is unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors.  *United States v. Victor*, 719 F.3d 1288, 1291 (11th Cir. 2013).

The district court's sentence must be "sufficient, but not greater than necessary to comply with the purposes" listed in § 3553(a)(2), including the need for the sentence to reflect the seriousness of the offense and to promote respect for the law, the need for adequate deterrence, the need to protect the public, and the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment.  18 U.S.C. § 3553(a)(2); *Victor*, 719 F.3d at 1291.  The court should also consider the nature and circumstances of the offense

and the history and characteristics of the defendant, the kinds of sentences available, the guideline range, any pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  18 U.S.C. § 3553(a)(1), (3)-(7).

## IV.

Section § 3553(a)(6) of Title 18 specifically directs courts to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."   Well-founded claims of unwarranted sentencing disparity "assume[] that apples are being compared to apples."   *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009) (quotation omitted).  Thus, § 3553(a)(6) applies only when comparing sentences among defendants "*who have been found guilty* of similar conduct."  *See United States v. Martin*, 455 F.3d 1227, 1241 (11th Cir. 2006) (emphasis in original) (rejecting seven-day sentence imposed by the district court after that court considered that a more culpable individual had been found not guilty). Additionally, the need to avoid unwarranted sentencing disparities arises only in the context of federal sentencing.  *Docampo*, 573 F.3d at 1102 (rejecting argument that federal defendant was entitled to a less severe sentence based on the sentences received by other defendants in state court).  Comparing a state sentence with a federal sentence does not establish an unwarranted sentencing disparity.  *See id.*

Here, the district court did not abuse its discretion in sentencing Kendricks to a below-guidelines term of 57 months' imprisonment.  Kendricks argues that pursuant to 18 U.S.C. § 3553(a)(6), his sentence is disparately high in comparison to his state-court codefendant, Arnold.  However, Arnold has not been charged or found guilty of similar conduct at the federal-court level.  His only charges are pending in state court.  So Arnold is not similarly situated to Kendricks for purposes of considering parity in sentencing.  *See Docampo*, 573 F.3d at 1102.

Kendricks also argues that his honesty with police during questioning, in which he knowingly and voluntarily waived his right to an attorney, resulted in an enhancement to his offense level under the sentencing guidelines.  But while the district court did not expressly acknowledge its consideration of his acceptance of responsibility, the court reduced his offense level and sentenced him on the lower end of the sentencing range.  So the extent that Kendricks's honesty may have resulted in an increase in his offense level, it was accounted for under the guidelines via a reduction in offense level.

Kendricks did not carry his burden of showing that the district court abused its discretion in considering the 18 U.S.C. § 3553(a) factors.

## V.

For these reasons, we affirm Kendricks's sentence.

**AFFIRMED.**

7