[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14560
Non-Argument Calendar
_____

D.C. Docket No. 5:19-cr-00246-KOB-SGC-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RIGOBERTO GONZALEZ-MARCIAL,
a.k.a. Berto Gonzalez-Marcial,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(March 18, 2020)

Before JORDAN, NEWSOM, and TJOFLAT, Circuit Judges.

PER CURIAM:

Rigoberto Gonzalez-Marcial appeals his within-guideline 14-month sentence for illegal reentry after removal, in violation of 8 U.S.C. § 1326(a).  On appeal, he argues that the District Court's sentence is substantively unreasonable in light of his significant cultural assimilation in the United States.  We disagree and affirm.

We review the reasonableness of a sentence under the abuse-of-discretion standard.[1]  *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007).  The party who challenges the sentence bears the burden to show that the sentence is unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct.  *See* 18 U.S.C. § 3553(a)(2).  The court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant.  *Id.* § 3553(a)(1).  As pertinent, the court must also

---

[1] The Government contends we should review this substantive-reasonableness claim for plain error because, although Gonzalez-Marcial argued for a lower sentence before the District Court, he did not object to the reasonableness of the sentence after it was imposed.  We do not need to decide if plain-error review applies here because we conclude that there was no error, plain or otherwise.  *See United States v. Victor*, 719 F.3d 1288, 1291 n.3 (11th Cir. 2013).

consider any policy statement issued by the sentencing commission in effect at the time of sentencing. *Id.* § 3553(a)(5).

The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). The district court is permitted to attach great weight to one § 3553(a) factor over others. *United States v. Overstreet*, 713 F.3d 627, 638 (11th Cir. 2013). A district court abuses its discretion "when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quoting *United States v. Campa*, 459 F.3d 1121, 1174 (11th Cir. 2006) (en banc)). Although we do not presume that a sentence falling within the guideline range is reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008); *but see Rita v. United States*, 551 U.S. 338, 347, 127 S. Ct. 2456, 2462 (2007) (concluding that "a court of appeals may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines"). A sentence imposed well below the statutory maximum is another indicator of a reasonable sentence. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Gonzalez-Marcial argues that the District Court committed a clear error of judgment in this case by treating his cultural assimilation as an aggravating factor, contrary to the Guidelines policy statements that treat it as a mitigating factor, and therefore imposed a substantively unreasonable sentence. A district court must consider "any pertinent policy statement" when determining the sentence. 18 U.S.C. § 3553(a)(5). The commentary to U.S.S.G. § 2L1.2 provides that "[t]here may be cases in which a downward departure may be appropriate on the basis of cultural assimilation." U.S.S.G. § 2L1.2 cmt. n.8. It is undisputed that Gonzalez-Marcial has been culturally assimilated in the United States.

Here, the District Court did not abuse its discretion by imposing a 14-month sentence, which was within the guideline range. When sentencing Gonzalez-Marcial, the District Court emphasized his criminal history, his prior removals from the United States, and the "double-edge sword" of his familial contacts to the United States, which encouraged him to continually illegally re-enter the country. The Court did not, as Gonzalez-Marcial contends, treat cultural assimilation as an aggravating factor. Rather, the District Court opted not to grant a downward departure based on cultural assimilation. The Court was within its discretion to give greater weight to Gonzalez-Marcial's criminal history and his nine prior removals over his cultural assimilation. *Overstreet*, 713 F.3d at 638. Moreover, the sentence was within the guideline range and below the statutory

4

maximum, which are further indicators of reasonableness.  *See Hunt*, 526 F.3d at 746; *Gonzalez*, 550 F.3d at 1324.  Accordingly, the District Court's 14-month sentence is substantively reasonable.  We affirm.

**AFFIRMED.**