**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12326

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

CRISTIAN MANUEL RODRIGUEZ NUNEZ,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:21-cr-00002-PGB-EJK-3

_____

Before JORDAN, LUCK, and WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Cristian Manuel Rodriguez Nunez appeals his total sentence of 125 months' imprisonment for aiding and abetting Hobbs Act robbery and aiding and abetting the

brandishing of a firearm during a crime of violence.  Rodriguez Nunez argues that the district court erred in applying a two-level enhancement to his offense level under U.S.S.G. § 2B3.1(b)(4)(B) for physically restraining a person.  He argues that because he did not physically touch anyone when he ordered victims around at gunpoint during the robbery, he did not meet the enhancement's criteria.

We review a district court's factual findings for clear error and its application of those facts to justify a sentencing enhancement de novo.  *United States v. Ware*, 69 F.4th 830, 854 (11th Cir. 2023).

Under the robbery guideline in § 2B3.1, a two-level increase applies "if any person was physically restrained to facilitate commission of the offense or to facilitate escape."  U.S.S.G. § 2B3.1(b)(4)(B).  We have long held that "physical restraint" under U.S.S.G. § 2B3.1(b)(4)(B) is satisfied when "the defendant's conduct ensured the victims' compliance and effectively prevented them from leaving a location."  *United States v. Deleon*, 116 F.4th 1260, 1263 (11th Cir. 2024).  Restraining a victim by physical contact is not required.  *See id.* at 1262–63.  Our prior-precedent rule requires us to follow our precedent unless and until the Supreme Court or this Court, sitting en banc, abrogates it.  *Id.* at 1261.

A defendant's total offense level is calculated by considering "all relevant conduct attributable to the defendant."  *United States v. Perry*, 14 F.4th 1253, 1277 (11th Cir. 2021).  The Sentencing Guidelines define relevant conduct to include all "acts and

omissions of others" that were "within the scope of," "in further-ance of," and "reasonably foreseeable in connection with" a jointly undertaken criminal activity.    U.S.S.G.  § 1B1.3(a)(1)(B)(i)–(iii). This definition of "relevant conduct" applies to "a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy."  *Id.* § 1B1.3(a)(1)(B).  The relevant conduct provision of the Guidelines provides that specific offense characteristics—such as the physical-restraint enhancement—are determined by all acts and omissions aided and abetted by a defendant.  *Id.* § 1B1.3(a)(1)(A).

Here, the district court did not err by applying the physical-restraint enhancement under U.S.S.G. § 2B3.1(b)(4)(B).  The facts as agreed to at sentencing showed that Rodriquez Nunez pointed a gun at a store employee during the robbery and demanded that he open the door to the room where the safe was located and then had the employee open the safe.  Even though this conduct is likely sufficient to trigger the physical-restraint enhancement, Rodriquez Nunez's co-conspirators, Tauri Benjamin Rivas Nunez and Luis Miguel Valdez Menders, also physically restrained victims.  Rodri-quez Nunez is responsible for their conduct because he was adju-dicated guilty of aiding and abetting Rivas Nunez and Valdez in the brandishing of firearms during the armed bank robbery.

Rivas Nunez held a store employee in a chokehold—undis-putably constituting physical restraint—beginning when Rodri-quez Nunez went to the back room to empty the safe until Rodri-quez Nunez had emptied the safe.  Valdez searched a female

customer's purse while she watched Rivas Nunez hold the store employee in a chokehold. Because Rivas Nunez's and Valdez's conduct ensured the victims' compliance and effectively prevented them from leaving the store, the victims were physically restrained within the meaning of the Guidelines. *See United States v. Victor*, 719 F.3d 1288, 1290 (11th Cir. 2013) (holding that "by threatening the lobby employee with what the employee believed to be a gun to prevent her from escaping, [the defendant] physically restrained her within the guidelines' meaning"); *see also United States v. Jones*, 32 F.3d 1512, 1519 (11th Cir. 1994) (per curiam) (finding that the district court properly applied the physical-restraint enhancement where robbers forced credit union employees into the safe room at gun point and ordered them to lie on the floor).

Thus, the district court properly applied the physical-restraint enhancement to Rodriquez Nunez.

**AFFIRMED.**[1]

---

[1] To the extent that Rodriquez Nunez argues that the application of the two-level physical restraint enhancement counts as improper double counting because he was convicted under 18 U.S.C. § 924(c), we have rejected this argument previously and we do so again here. *See United States v. Deleon*, 116 F.4th 1260, 1264–65 (11th Cir. 2024)