[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10441
Non-Argument Calendar
_____

D.C. Docket No. 8:13-cr-00198-SCB-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDREW BLANE FIELDS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 3, 2015)

Before MARCUS, WILLIAM PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Andrew Blane Fields appeals his convictions for commercial sex trafficking through force, fraud, or coercion, in violation of 18 U.S.C. § 1591(a)(1), and his 405-month sentence for five counts of commercial sex trafficking through force, fraud, or coercion, in violation of § 1591(a)(1), and three counts of distribution, possession with intent to distribute, and conspiracy to possess with intent to distribute narcotics, in violation of 21 U.S.C. § 841(a)(1).  Fields raises nine issues on appeal, which we address in turn.  As the parties are familiar with the facts of this case, we will not recount them in detail.  We include only those facts necessary to the discussion of each issue.  Upon review,[1] we affirm.

## II.  DISCUSSION

### A.  *Motion for Judgment of Acquittal*

The district court did not err in denying Fields's Federal Rule of Criminal Procedure Rule 29 motion for judgment of acquittal on the § 1591 charges because a reasonable jury could have found he recruited the victims to engage in

---

[1] We review de novo the district court's denial of a motion for judgment of acquittal, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences in favor of the jury's verdict.  *United States v. Vernon*, 723 F.3d 1234, 1266 (11th Cir. 2013).  We review a district court's denial of a motion for mistrial for an abuse of discretion. *United States v. McGarity*, 669 F.3d 1218, 1232 (11th Cir. 2012).  We review jury instructions challenged in the district court de novo in order "to determine whether the instructions misstated the law or misled the jury to the prejudice of the objecting party." *United States v. House*, 684 F.3d 1173, 1196 (11th Cir. 2012) (quotation omitted).  We review the denial of a motion for substitution of counsel for abuse of discretion. *United States v. Calderon*, 127 F.3d 1314, 1343 (11th Cir. 1997).  We review the district court's application of the Sentencing Guidelines de novo and its factual findings for clear error.  *United States v. Victor*, 719 F.3d 1288, 1290 (11th Cir. 2013).  We review the reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States,* 552 U.S. 38, 41 (2007).

commercial sex acts by means of force, threats of force, fraud, or coercion.  Based on the victims' testimony, Fields recruited and enticed women to engage in prostitution by (1) proposing to advertise their prostitution services online, (2) driving them to their prostitution locations, and (3) offering them drugs, money, and a place to live if they prostituted for him.  After recruiting them to engage in commercial sex acts, Fields substantially increased their drug addictions.  Fields then coerced the victims to engage in commercial sex acts by withholding pills from them and thereby causing them to experience withdrawal sickness if they did not engage in prostitution.  The withdrawal sickness was so severe that it caused the victims to want to die.  Fields isolated the victims to preclude them from obtaining drugs elsewhere and to render them dependent on him and subservient to his demands.

## B.  Motion for Mistrial

The district court did not abuse its discretion in denying Fields's motion for a mistrial based on a witness's testimony regarding Fields's prior jail time.  The witness's comment about Fields's prior imprisonment was brief and unelicited, and added nothing to the Government's case.  *See United States v. Emmanuel*, 565 F.3d 1324, 1334 (11th Cir. 2009) (holding "where the comment is brief, unelicited, and unresponsive, adding nothing to the government's case, the denial of a mistrial is proper").  The witness made only a passing reference to Fields's prior jail time,

3

and the district court gave a curative instruction to the jury. *See United States v. Beasley*, 2 F.3d 1551, 1559 (11th Cir. 1993) (holding witness mentioning prison did not constitute reversible error because comments were "made in passing" and "followed quickly by the district court's curative instruction").

## C. Jury Instructions

The district court did not err in denying Fields's request for the § 1591 pattern jury instruction and instead adding: (1) that the jury may consider the victims' potential special vulnerabilities, (2) a definition of force, and (3) a definition of fraud. The district court did not misstate the law or mislead the jury to Fields's prejudice. *See United States v. House*, 684 F.3d 1173, 1196 (11th Cir. 2012) (reviewing jury instructions to determine "whether the instructions misstated the law or misled the jury" (quotation omitted)). The district court's definitions of "coercion" and "serious harm" were direct quotations from the relevant statute. *See* 18 U.S.C. § 1591(e)(2), (4). The district court's explanation regarding victims with special vulnerabilities was a direct application of the statutory definition of "serious harm" to the facts of this case. *See id.* § 1591(e)(4). Additionally, the district court's definitions of "force" and "fraud" followed logically from the plain language of the statute. *See id.* § 1591(a); *United States v. Segarra*, 582 F.3d 1269, 1271 (11th Cir. 2009) (stating courts interpret "a statute in a manner consistent with the plain language of the statute").

4

## D.  Motion for Substitution of Counsel

The district court did not abuse its discretion in denying Field's motion for substitution of counsel.[2]  Although an indigent criminal defendant has a right to be represented by counsel, he does not have a right to be represented by a particular lawyer, or to demand a different appointed lawyer except for good cause.  *Thomas v. Wainwright*, 767 F.2d 738, 742 (11th Cir. 1985).  "Good cause in this context means a fundamental problem, such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict which leads to an apparently unjust verdict."  *United States v. Garey*, 540 F.3d 1253, 1263 (11th Cir. 2008) (en banc) (quotation omitted).  Fields did not show there was a fundamental problem that warranted replacement of counsel.  *See id.*  The only problems Fields identified at trial were general assertions about his counsel's unwillingness to ask certain questions of witnesses and his counsel's attitude towards him.  These do not rise to the level of "a conflict of interest, a complete breakdown in communication or an irreconcilable conflict which leads to an apparently unjust verdict."  *Id.* (quotation omitted).

---

[2]  In his initial brief, without citation to legal authority or evidence in the record, Fields passingly suggests the district court denied his right to effective assistance of counsel.  Fields has abandoned this argument because "a party seeking to raise a claim or issue on appeal must plainly and prominently so indicate."  *See United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).  Even had Fields not abandoned this issue, the record is not sufficiently developed for us to review whether Fields's trial counsel was ineffective.  *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003).

## E. Base Offense Level

The district court did not err in setting Fields's base offense level for his sex trafficking convictions at 34 based on U.S.S.G. § 2G1.1(a) because it was not clearly erroneous to conclude Fields was convicted under 18 U.S.C. § 1591(b)(1). *See* § 2G1.1(a) (providing for a base offense level of 34 if the offense of conviction is § 1591(b)(1)).   Fields's base offense level was 34 because, as discussed above, the trial evidence showed he violated § 1591(a) by means of coercion.

## F. Vulnerable Victim Enhancement

The district court did not err in applying a vulnerable victim enhancement under U.S.S.G. § 2D1.1(b)(14)(B).  The victims' drug addictions rendered them particularly susceptible to Field's selling and dispensing of controlled substances. As such, the district court did not clearly err in finding they were vulnerable victims.

## G. Role Enhancement

The district court did not clearly err in finding the Government presented sufficient reliable evidence to support a role enhancement under U.S.S.G. § 3B1.1(c) for Fields's drug offenses.  Paul Fry testified that Fields paid for Fry's prescriptions, took him to doctors to obtain the prescriptions, and took for himself a substantial portion of the prescribed pills.  When Fry could not find a pharmacy that had the prescribed medications, Fry would leave the prescriptions at Fields's

6

house as a form of collateral until Fields would drive him to a pharmacy to fill them.  It was not clearly erroneous to conclude Fields had sufficient authority and control to qualify for the aggravated role enhancement.  *See United States v. Suarez*, 313 F.3d 1287, 1294 (11th Cir. 2002) (applying role enhancement where defendant "had decision-making authority and exercised control").

## H.  Dangerous Weapon Enhancement

The district court did not clearly err in applying a dangerous weapon enhancement under U.S.S.G. § 2D1.1(b)(1).  It was not clearly erroneous to conclude that the gun discovered in Fields's bedroom was a dangerous weapon. The gun was a six-shot revolver made by Colt, and was next to bags of lead projectiles and percussion caps.  Even assuming the gun was not capable of inflicting death or serious bodily injury, the district court did not clearly err in concluding the gun resembled an instrument with such capability.  *See* U.S.S.G. § 1B1.1, comment. (n.1(D)(i)-(ii)) (2013) (including, as a dangerous weapon, "an object that is not an instrument capable of inflicting death or serious bodily injury but [] closely resembles such an instrument").

Fields concedes the weapon was discovered in his bedroom, where he stored many of the drugs for which he was convicted.  The burden thus shifted to Fields to show that a connection between the weapon and the offense was clearly improbable.  *See United States v. Stallings*, 463 F.3d 1218, 1220 (11th Cir. 2006).

Fields failed to demonstrate a connection was clearly improbable, especially in light of the fact that the gun was discovered in his bedroom next to bags of lead projectiles and percussion caps, and a victim had previously broken into his bedroom to obtain pills.

## I. *Reasonableness of Sentence*

The district court did not abuse its discretion by allegedly failing to consider all the 18 U.S.C. § 3553(a) factors.  The district court expressly stated it considered: (1) the evidence in the case; (2) everything said at the sentencing hearing; (3) the § 3553 factors; (4) the advisory guidelines; (5) what sentence was sufficient but not greater than necessary; (6) what sentence was necessary to provide proper punishment; and (7) what sentence was necessary to protect the public.  In focusing on the nature and circumstances of the offense, the district court noted that Fields preyed on the victims' vulnerabilities and committed an outrageous crime.  The district court also noted Fields's lack of remorse.  This was procedurally sufficient.  *See United States v. Dougherty*, 754 F.3d 1353, 1359 (11th Cir. 2014), *cert. denied*, 135 S. Ct. 1186 (2015) ("Nothing requires the district court to discuss each of the § 3553(a) factors, and an acknowledgment that it has considered each will suffice.").

The district court did not abuse its discretion in imposing a 405-month sentence of imprisonment.  Fields's sentence was within the advisory guideline

8

range, and we ordinarily expect such a sentence to be reasonable. *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). Fields's sentence does not represent a clear error of judgment in weighing the § 3553(a) factors, *see United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010), in light of Fields's multiple and repeated exploitations of the victims' vulnerabilities in furthering his prostitution business. We accordingly affirm Fields's 405-month sentence as procedurally and substantively reasonable.

## III. CONCLUSION

For the foregoing reasons, we affirm.

**AFFIRMED.**