[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16174
Non-Argument Calendar
_____

D.C. Docket No. 3:14-cr-00178-MMH-JBT-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VERNON RASHAAD JIGGETTS,
a.k.a. Ra Ra,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 4, 2017)

Before MARCUS, WILSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Vernon Rashaad Jiggetts appeals his 70-month sentence, imposed below the applicable guidelines range, after he pleaded guilty to one count of conspiracy to distribute 500 grams or more of cocaine, 28 grams or more of cocaine base, methylone, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), (C), 846, and to one count of using a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. §§ 924(c)(1)(A), 2.

Jiggetts argues that the district court erred by finding that he maintained a premises for manufacturing or distributing a controlled substance, resulting in a two-level enhancement under U.S.S.G. § 2D1.1(b)(12).  Jiggetts also contends that his sentence was procedurally and substantively unreasonable.  He says it was greater than necessary to comply with the purposes of federal sentencing; the district court failed to consider the 8 U.S.C. § 3553(a) factors, to consider the totality of the circumstances, and to explain his sentence; and the district court improperly weighed the factors in limiting the extent of the downward variance. He also asserts that the district court should have granted him a more extensive downward variance -- based on the trend of decreasing the length of sentences for low-level drug offenders.

## I.    Maintaining a Premises Enhancement

We review a sentencing court's findings of fact for clear error and its application of the guidelines *de novo*.  *United States v. Victor*, 719 F.3d 1288, 1290 (11th Cir. 2013).  The district court may base its findings of fact on the evidence heard at trial, facts admitted during the plea colloquy, undisputed statements in the presentence investigation report, or evidence presented at sentencing.  *United States v. Caraballo*, 595 F.3d 1214, 1232 (11th Cir. 2010).

Sentencing Guidelines § 2D1.1(b)(12) provides a two-level enhancement "[i]f the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance."  U.S.S.G. § 2D1.1(b)(12).  The commentary to the guideline explains that the district court should consider (a) whether the defendant had a possessory interest in the premises and (b) the extent to which the defendant controlled access to, or activities at, the premises.  *See* U.S.S.G. § 2D1.1, comment. (n.17).  Although manufacturing and distributing a controlled substance need not be the sole use, it must be one of the "primary or principal uses," rather than a merely "incidental or collateral use."  *Id.*  In interpreting 21 U.S.C. § 856 (providing a separate offense for "knowingly . . . maintain[ing] any place . . . for the purpose of manufacturing, distributing, or using any controlled substance"), we have said that the critical inquiries are whether the defendant

3

(1) exercised some degree of control over the premises; (2) made the place available for the use alleged; and (3) continued in pursuing the manufacture, distribution, or use of controlled substances. *See United States v. Clavis*, 956 F.2d 1079, 1090 (11th Cir. 1992). Isolated use, manufacture, or distribution, however, is not sufficient. *Id.* at 1090–91.

The district court did not clearly err by determining that Jiggetts maintained a premises for the manufacture or distribution of drugs: the record, including Jiggetts's own admissions at the plea colloquy, supported the district court's conclusion that Jiggetts had a possessory interest in the Willow Lakes apartment and made the apartment available for use in manufacturing and distributing drugs on an ongoing basis, by contributing $60 per month toward the rent. *Clavis*, 956 F.2d at 1090; U.S.S.G. § 2D1.1, comment. (n.17). And the duration of the conspiracy, the co-conspirators' continuous operations, and Jiggetts's carrying and displaying a firearm on the premises to protect his co-conspirators illustrate that the use of the premises was not isolated or incidental and that Jiggetts exercised an elevated degree of control over the premises. *Clavis*, 956 F.2d at 1090–91. Thus, the district court properly applied the maintaining-a-premises enhancement.

## II.     Reasonableness of the Sentence

We review a district court's final sentence for reasonableness. *United States v. Winingear*, 422 F.3d 1241, 1245 (11th Cir. 2005). Here, reasonableness review means the deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). Where a defendant did not object to the procedural reasonableness of his sentence at the time of sentencing, we review for plain error. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). Under plain error review, the defendant must show that (1) an error occurred; (2) the error was plain; and (3) the error affects substantial rights. *United States v. Olano*, 507 U.S. 725, 732–35 (1993). When these factors are met, we may exercise our discretion and correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 736 (quotations and alteration omitted). Nonetheless, even if the defendant did not object in district court, we review *de novo* whether the district court failed to state adequate reasons for the sentence. *United States v. Bonilla*, 463 F.3d 1176, 1181 (11th Cir. 2006).

The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the

public from the defendant's future criminal conduct.  *See* 18 U.S.C. § 3553(a)(2).

In imposing a particular sentence, the court must also consider the nature and

circumstances of the offense, the history and characteristics of the defendant, the

kinds of sentences available, the need to avoid unwarranted sentencing disparities,

and the need to provide restitution to victims.  18 U.S.C. § 3553(a)(1), (3)–(7).

In reviewing the reasonableness of a sentence, we follow a two-step process.

First, we ensure that the sentence was procedurally reasonable.  *See Gall*, 552 U.S.

at 51.  Second, we examine whether the sentence was substantively reasonable in

the light of the totality of the circumstances.  A district court commits procedural

error by "failing to calculate . . . the Guidelines range, treating the Guidelines as

mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on

clearly erroneous facts, or failing to adequately explain the chosen sentence."  *Id.*

The district court need not explicitly discuss each factor, but should set forth

enough to show that it considered the parties' arguments and had a reasoned basis

for its determination.  *United States v. McGarity*, 669 F.3d 1218, 1263 (11th Cir.

2012).  A sentence is substantively reasonable if, under a totality of the

circumstances, it achieves the purposes of § 3553(a).  *United States v. Pugh*, 515

F.3d 1179, 1191 (11th Cir. 2008).  The party challenging the sentence bears the

burden to show it is unreasonable in the light of the record and the § 3553(a)

factors.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

We ordinarily expect that a sentence within the guidelines range is reasonable. *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). A sentence well below the statutory maximum is also indicative of reasonableness. *United States v. Dougherty*, 754 F.3d 1353, 1362 (11th Cir. 2014). The weight attached to each § 3553(a) factor is committed to the district court's discretion, and we will not substitute for its judgment in weighing the relevant factors. *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007). We reverse only if left with the "firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *See United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (quotation omitted).

Jiggetts fails to show that the district court committed procedural error, plain or otherwise. The district court considered each of Jiggetts's objections, the § 3553(a) factors, and his arguments for a downward variance and adequately explained the sentence. *See Gall*, 552 U.S. at 51; *McGarity*, 669 F.3d at 1263; 18 U.S.C. § 3553(a). The district court's sentencing decision was procedurally sound.

Jiggetts also fails to demonstrate that his sentence was substantively unreasonable in the light of the § 3553(a) factors and the totality of the circumstances. His 70-month (5.8-year) sentence was below the guideline range of

84 to 105 months (7 to 8.75 years) and well-below the statutory maximum of 480 months' (40 years') imprisonment, and the record illustrates that the district court explicitly weighed Jiggetts's background and designed the sentence to be "sufficient but not greater than necessary to satisfy the purposes of federal sentencing" under 18 U.S.C. §§ 3551 and 3553.  *See Hunt*, 526 F.3d at 746; *Dougherty*, 754 F.3d at 1362; *Pugh*, 515 F.3d at 1191; 21 U.S.C. § 841(b)(1)(B). We are not left with the "firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190.

   **AFFIRMED.**