[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17719
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-00147-RWS-LTW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDDIE SYLVESTER STEELE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 3, 2018)

Before WILSON, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Eddie Sylvester Steele appeals his convictions and sentences for aiding and abetting an armed robbery and for brandishing a firearm during the commission of a crime of violence.  Steele brings five issues on appeal, which we address in turn.  After review, we affirm.

## I.  DISCUSSION

### A.  *Constructive Amendment or Material Variance*

First, Steele contends the district court created a constructive amendment or a material variance from his superseding indictment by instructing the jury on, and allowing the presentation of evidence regarding, aiding and abetting.

We are not persuaded by Steele's position that the district court plainly erred by constructively amending the superseding indictment when it gave an aiding-and-abetting instruction to the jury.[1]  "[C]onstructive amendment occurs where the jury instructions so modify the elements of the offense charged that the defendant may have been convicted" of an offense not included in the indictment.  *United States v. Sanders*, 668 F.3d 1298, 1309 (11th Cir. 2012).  Steele asserts the district court's aiding-and-abetting instruction impermissibly broadened the possible bases for conviction because the superseding indictment did not charge him with aiding

---

[1] Ordinarily, we review de novo whether the district court's jury instructions constructively amended an indictment.  *See United States v. Sanders*, 668 F.3d 1298, 1309 n.9 (11th Cir. 2012).  But where, as here, the defendant failed to argue before the district court that it constructively amended the indictment, we review the argument for plain error.  *United States v. Leon*, 841 F.3d 1187, 1192 (11th Cir. 2016), *cert. denied*, 137 S. Ct. 1390 (2017).  Accordingly, Steele "must show that there was error, that the error was plain, and that the error affected [his] substantial rights."  *Id.*

2

and abetting others who took money and property; rather, it charged Steele with taking money and property and stated he was aided and abetted by others.

That distinction is not legally significant. Under our law, an individual indicted as a principal can be convicted on evidence showing he aided and abetted the commission of the offense even where the indictment does not include an aiding-and-abetting charge. The former Fifth Circuit, whose decisions bind us,[2] held a district court did not err in giving an aiding-and-abetting instruction although the indictment did not specifically charge the defendant with aiding and abetting because "18 U.S.C. § 2 is an alternative charge in every count, whether explicit or implicit, and the rule is well-established . . . that one who has been indicted as a principal may be convicted on evidence showing that he merely aided and abetted the commission of the offense." *United States v. Walker*, 621 F.2d 163, 166 (5th Cir. 1980); *accord United States v. Martin*, 747 F.2d 1404, 1407 (11th Cir. 1984) (stating that "[a]iding and abetting need not be specifically alleged in the indictment; assuming the evidence supports it, the accused can be convicted of aiding and abetting so long as the jury is instructed on it"). Therefore, the district court did not err, plainly or otherwise, by instructing the jury on aiding and abetting.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

Relatedly, Steele asserts the district court erred by reading jury instructions that differed from the written jury instructions. He points out that although the oral jury instructions stated Steele could only be found guilty if the jury concluded he had committed each element of armed robbery, the written jury instructions stated: "I caution you that each defendant is on trial for the specific crimes charged in the indictment." Steele emphasizes that this language, to which he did not object, incorrectly suggested the jury could consider others' conduct to convict him. However, under the theory of aiding and abetting, the jury may consider that someone else has committed the substantive offense. *United States v. Seabrooks*, 839 F.3d 1326, 1333 (11th Cir. 2016). Furthermore, it was clear that Steele was the only defendant in this case, and the oral jury instructions clearly outlined the elements of aiding and abetting. Thus, the difference between the oral and written instructions was not sufficient to confuse, mislead, or prejudice the jury.

Next, we turn to whether the district court created a material variance by allowing the presentation of evidence regarding aiding and abetting.[3] "A variance occurs when the facts proved at trial deviate from the facts contained in the indictment but the essential elements of the offense are the same." *United States v.*

---

[3] The typical standard of review for determining whether there is a material variance between the charges in the indictment and the evidence presented at trial is twofold: (1) whether a material variance occurred; and (2) whether the defendant was substantially prejudiced as a result. *United States v. Lander*, 668 F.3d 1289, 1295 (11th Cir. 2012). But because Steele did not present the issue to the district court, our review is for plain error. *United States v. Wilson*, 788 F.3d 1298, 1312 (11th Cir. 2015).

4

*Keller*, 916 F.2d 628, 634 (11th Cir. 1990).  Steele's superseding indictment,

which charged him with armed robbery, encompassed an aiding-and-abetting

theory of guilt.  *Martin*, 747 F.2d at 1407; *Walker*, 621 F.2d at 166.  Therefore, the

district court did not err by allowing the presentation of evidence supporting the

conclusion that Steele aided and abetted the commission of the armed robbery.

## B.  *Competency Hearing*

Second, Steele asserts the district court abused its discretion by failing to sua

sponte order a competency hearing prior to trial.[4]  We disagree.  A district court

must sua sponte order a competency hearing if there is reasonable cause to believe

the defendant is "suffering from a mental disease or defect rendering him mentally

incompetent to the extent that he is unable to understand the nature and

consequences of the proceedings against him or to assist properly in his defense."

18 U.S.C. § 4241(a).  There are three factors that may establish a bona fide doubt

as to the defendant's competence: "(1) evidence of the defendant's irrational

behavior; (2) the defendant's demeanor at trial; and (3) prior medical opinion

---

[4] This Court has not decided in a published opinion whether plain error review applies where the defendant did not raise any competency issues before the district court.  In an unpublished opinion, this Court determined that, while issues not raised below are normally reviewed for plain error, "the abuse-of-discretion standard always applies when reviewing a district court's failure to *sua sponte* order a competency hearing."  *United States v. Steinger*, 631 F. App'x 915, 922 (11th Cir. 2015).  However, in an earlier unpublished opinion, this Court concluded plain error review applies to the argument that the district court should have sua sponte ordered a competency hearing, regardless whether the issue was presented to the district court.  *United States v. Galdos*, 308 F. App'x 346, 356 (11th Cir. 2009).  We need not decide which standard is correct because Steele cannot succeed even under the more lenient of the two: abuse of discretion.

5

regarding the defendant's competence to stand trial." *United States v. Wingo*, 789 F.3d 1226, 1236 (11th Cir. 2015). A district court must consider "the aggregate of evidence" with regard to all three prongs, but enough evidence even under only one of the prongs may be sufficient to establish doubt about the defendant's competence. *Id.*

The district court did not abuse its discretion by failing to sua sponte order a competency hearing because there was no reasonable basis to believe Steele was incompetent. Although Steele expressed multiple times that he was confused about how the trial was proceeding and complained about his counsel's strategy, the source of his confusion was a misunderstanding of certain legal procedures or rules of evidence. For example, Steele expressed confusion about the hearsay rules and the process for preserving objections for appeal. These questions showed Steele was processing the future consequences of certain testimony and understood the importance of ensuring issues remained for review. Steele's active participation demonstrated that he understood the nature of the trial as well as the import of conviction. Finally, although he requested multiple ex parte proceedings, Steele did not display belligerent, confused, or irrational behavior in open court, during the Government's case, or during his own testimony.

### C.  Statement Regarding Incarceration

Third, Steele asserts the Government deprived him of the right to a fair trial by informing the jury of his current incarceration.[5]  At the threshold, Steele preserved this issue for appellate review.  The overruling of a motion in limine is not usually sufficient to preserve an objection for appeal.  *United States v. Brown*, 665 F.3d 1239, 1247 (11th Cir. 2011).  However, Federal Rule of Evidence 103(b) has relieved the obligation to renew an objection at trial where the issue was definitively ruled upon in limine.  Fed. R. Evid. 103(b) ("Once the court rules definitively on the record—either before or at trial—a party need not renew an objection or offer of proof to preserve a claim of error for appeal."); *United States v. Wilson*, 788 F.3d 1298, 1313 (11th Cir. 2015) (same).  Here, Steele moved in limine to exclude the jail phone calls because references to his present incarceration were prejudicial.  The district court delivered a definitive ruling admitting the phone calls.  The issue is, therefore, preserved for review.

The presumption of innocence, a basic component of the right to a fair trial, is impaired when the defendant is compelled to wear prison or jail clothing during trial, because such clothing serves as a "constant reminder of the accused's condition," which is "likely to be a continuing influence throughout the trial" on a

---

[5] Typically, this Court reviews constitutional questions, including due process violations, de novo.  *United States v. Hunt*, 526 F.3d 739, 743 (11th Cir. 2008).  But where the defendant has failed to object below, our review is for plain error.  *United States v. Gutierrez*, 745 F.3d 463, 475 (11th Cir. 2014).

juror's judgment of the defendant. *Estelle v. Williams*, 425 U.S. 501, 504-05 (1976). However, direct references to a defendant's incarceration made during trial do not necessarily undermine the presumption of innocence such that they create a due process violation. *United States v. Villabona-Garnica*, 63 F.3d 1051, 1058 (11th Cir. 1995). Specifically, "mere utterance[s] of the word[s] jail, prison, or arrest [do] not, without regard to context or circumstances, constitute reversible error per se." *Id.* (brackets and quotation omitted). Where the comment "is brief, unelicited, and unresponsive, adding nothing to the government's case," an error worthy of granting a mistrial has not occurred. *United States v. Emmanuel*, 565 F.3d 1324, 1334 (11th Cir. 2009).

The district court did not violate Steele's due process rights by allowing the jury to hear testimony that he was incarcerated. Although the Government generally may not elicit testimony that a defendant is incarcerated, the comment at issue here was a passing remark made in the context of the Government's attempt to establish a foundation for jail phone calls it wished to admit. *See Villabona-Garnica*, 63 F.3d at 1058. The single comment confirming Steele was incarcerated was not elicited to further prejudice Steele or to convince the jury that he was violent, nor did it create the same type of "continuing" reminder of Steele's condition prohibited by *Estelle*. *See Estelle*, 425 U.S. at 503. Furthermore, the district court gave a limiting instruction prior to the testimony at the Government's

8

request, which the jury presumably followed.  *See United States v. Stone*, 9 F.3d 934, 938 (11th Cir. 1993).  Finally, Steele referred to his incarceration at some length, undermining the assertion that he was prejudiced by the Government's lone remark.  Although Steele takes the position that he needed to discuss his incarceration to provide the jury context, we note Steele discussed his imprisonment more than was needed to serve that limited purpose.

D.  *Physical Restraint Sentencing Enhancement*

Fourth, Steele contends the district court erred by applying a physical restraint sentencing enhancement.[6]  Section 2B3.1(b)(4)(B) of the Sentencing Guidelines provides for a two-level enhancement "if any person was physically restrained to facilitate commission of the offense or to facilitate escape . . . ." U.S.S.G. § 2B3.1(b)(4)(B).  The enhancement "applies when the defendant's conduct ensured the victims' compliance and effectively prevented them from leaving a location."  *United States v. Victor*, 719 F.3d 1288, 1290 (11th Cir. 2013) (quotation omitted).

As noted in Application Note 1, "physically restrained" is defined as "the forcible restraint of the victim such as by being tied, bound, or locked up." U.S.S.G. § 2B3.1, comment (n.1); § 1B1.1, comment (n.1(K)).  However, the

---

[6] Steele objected to the upward adjustment to his sentence.  Accordingly, "[w]e review a sentencing court's findings of fact for clear error and its application of the guidelines *de novo*." *United States v. Victor*, 719 F.3d 1288, 1290 (11th Cir. 2013).

physical restraint enhancement is not limited to these specific examples and may also apply when the defendant's conduct has "ensured the victims' compliance and effectively prevented them from leaving." *Victor*, 719 F.3d at 1290 (quotation omitted). A physical restraint enhancement has been applied even where the defendant threatened a victim with something merely believed to be a gun to prevent the victim from leaving. *Id.*

The Presentence Investigation Report acknowledged that although E.W., a customer, was not necessarily "tied up" by Steele and the other men, E.W.'s mobility was restricted when he was "instructed, at gunpoint, to lie down on the ground." Further, as the district court noted, even though E.W. was subsequently instructed to get back up, he was still being instructed to do or not to do certain things and was not free to leave, which was a restraint of his movement in facilitation of the robbery within the meaning of U.S.S.G. § 2B3.1(b)(4)(B). *United States v. Jones*, 32 F.3d 1512, 1519 (11th Cir. 1994). Thus, the district court did not err when it applied the physical restraint enhancement.[7]

---

[7] We need not discuss Steele's conduct toward V.T., a store clerk, because only one instance of physical restraint is needed to support applying the enhancement.

10

*E.  Motion for New Trial*

Finally, Steele urges that the district court improperly denied his motion for a new trial based on *Brady*[8] evidence.[9]  To obtain a new trial based on a *Brady* claim of newly discovered evidence, the defendant must show that: "(1) the government possessed favorable evidence to the defendant; (2) the defendant does not possess the evidence and could not obtain the evidence with any reasonable diligence; (3) the prosecution suppressed the favorable evidence; and (4) had the evidence been disclosed to the defendant, there is a reasonable probability that the outcome would have been different."  *United States v. Vallejo*, 297 F.3d 1154, 1164 (11th Cir. 2002).  "Evidence favorable to the accused includes impeachment evidence."  *United States v. Newton*, 44 F.3d 913, 918 (11th Cir. 1994).  "A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome."  *United States v. Bagley*, 473 U.S. 667, 682 (1985) (quotation omitted).

Here, the district court erred because it evaluated Steele's motion for a new trial using the standard for a Rule 33 motion based on newly discovered evidence instead of the standard for a Rule 33 motion based on *Brady* evidence.  *See United States v. Thompson*, 422 F.3d 1285, 1294 (11th Cir. 2005) (outlining framework

---

[8] *Brady v. Maryland*, 373 U.S. 83 (1963).

[9] We review the district court's denial of a motion for a new trial based on newly discovered evidence or an alleged *Brady* violation for an abuse of discretion.  *United States v. Vallejo*, 297 F.3d 1154, 1163 (11th Cir. 2002).

11

for evaluating a Rule 33 motion for new trial); *but see Vallejo*, 297 F.3d at 1164 (setting forth standard for prevailing upon a Rule 33 motion based on a *Brady* violation). However, we will not remand unless doing so "would serve [a] valid purpose." *See United States v. Bascaro*, 742 F.2d 1335, 1344 (11th Cir.1984). We therefore consider whether Steele could establish a *Brady* claim under the proper framework.

The district court based its decision on a factor that is part of both tests, correctly finding that there was not a reasonable probability that Steele's impeachment evidence would have changed the outcome of his trial. There was an abundance of evidence to support Steele's convictions. For example, the jury could have relied on video surveillance showing Steele pointing a gun and commanding V.T. to retrieve phones and cash. There was also ample evidence supporting the rejection of Steele's duress defense, including that Steele did not report the robbery to the police, lied to an officer about his name, and attempted to flee to North Carolina. Therefore, the district court did not abuse its discretion when it denied Steele's motion for a new trial based on newly discovered evidence allegedly withheld by the Government.

## II.  CONCLUSION

For the reasons discussed above, the district court is

**AFFIRMED.**