[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13914
Non-Argument Calendar

_____

D.C. Docket No. 8:15-cr-00308-EAK-TGW-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CESAR OSBALDO RODRIGUEZ, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 22, 2020)

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

This is Rodriguez's second appeal arising from this criminal case, in which he pled guilty to several drug-trafficking offenses. For these offenses, Rodriguez originally was sentenced to a total term of 180 months of imprisonment. On appeal from that sentence, we vacated the district court's application of an enhancement under U.S.S.G. § 2D1.1(b)(15)(C) (2016),[1] which directs a two-level increase to the guideline offense level where "[t]he defendant was directly involved in the importation of a controlled substance." *See United States v. Rodriguez*, 780 F. App'x 764, 768 (11th Cir. 2019). Noting that the court did not make "a factual finding beyond that the offense involved heroin imported from Mexico," which alone is insufficient to show direct involvement, we remanded for the court to clarify its grounds for applying the enhancement. *Id.* at 767–68. In the alternative, we advised that "if the district court would have imposed the same sentence regardless of its resolution of the guideline issue, given that it imposed a sentence outside the guideline range, it may state as much and its reasons for doing so." *Id.* at 768.

On remand, the district court resentenced Rodriguez and reapplied the importation enhancement under § 2D1.1(b)(15)(C) (2016). The court found that the enhancement was appropriate because there was sufficient circumstantial evidence to show an agreement to import heroin from Mexico. Alternatively, the court found that the 180-month sentence originally imposed was "a correct and legally

---

[1] This same enhancement now appears under U.S.S.G. § 2D1.1(b)(16)(C).

appropriate sentence based upon the same evidence, regardless of the resolution of the guideline issue." Rodriguez now brings this second appeal, challenging the district court's application of the § 2D1.1(b)(15)(C) (2016) enhancement and arguing that the court's error in applying that enhancement was not harmless because his sentence is procedurally and substantively unreasonable.

We review the district court's application of the Sentencing Guidelines *de novo* and its findings of fact for clear error. *United States v. Victor*, 719 F.3d 1288, 1290 (11th Cir. 2013). "Clear error review is deferential, and we will not disturb a district court's findings unless we are left with a definite and firm conviction that a mistake has been committed." *United States v. Cruickshank*, 837 F.3d 1182, 1192 (11th Cir. 2016) (quotation marks omitted).

Section 2D1.1(b)(15)(C) of the 2016 Sentencing Guidelines provides that, if a defendant receives an adjustment under § 3B1.1 for an aggravating role and "was directly involved in the importation of a controlled substance," the base offense level is increased by two levels. U.S.S.G. § 2D1.1(b)(15)(C) (2016). The commentary offers the following guidance for applying this enhancement:

> Subsection (b)(15)(C) applies if the defendant is accountable for the importation of a controlled substance under subsection (a)(1)(A) of § 1B1.3 (Relevant Conduct (Factors that Determine the Guideline Range)), i.e., the defendant committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused the importation of a controlled substance.

3

*Id.* § 2D1.1, cmt. n.20(B). In other words, the enhancement must be based solely on the defendant's own conduct, *see* § 1B1.3(a)(1)(A), and not on the reasonably foreseeable acts of others in furtherance of jointly undertaken activity, *see id.* § 1B1.3(a)(1)(B).

Rodriguez contends that the district court failed to clarify its grounds for applying the importation enhancement and that the record does not contain a factual basis to support this enhancement. The government responds that the enhancement was appropriate because the evidence shows that Rodriguez aided and abetted the importation of heroin from Mexico.

Ultimately, however, we need not determine whether the district court erred in applying the importation enhancement under § 2D1.1(b)(15)(C) (2016). Under our precedent, a guideline "calculation error is harmless when a district judge clearly states that she would impose the same sentence regardless of the enhancement," and the sentence would be reasonable even if the guideline issue had been decided in the defendant's favor. *United States v. Perkins*, 787 F.3d 1329, 1341 (11th Cir. 2015); *United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006). "Our rationale for this policy is to avoid pointless reversals and unnecessary do-overs of sentence proceedings." *United States v. McLellan*, 958 F.3d 1110, 1116 (11th Cir. 2020) (quotation marks omitted).

4

Here, any error in applying the importation enhancement was harmless because the district court expressly stated that it would have imposed the same sentence regardless of its resolution of this guideline issue, and the 180-month sentence would be reasonable even if the guideline issue had been resolved in Rodriguez's favor. *See Keene*, 470 F.3d at 1349.

In evaluating the substantive reasonableness of a sentence, we consider the totality of the circumstances and whether the sentence achieves the goals of sentencing set out in 18 U.S.C. § 3553(a). *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009). We will defer to the district court's judgment in weighing the § 3553(a) factors unless the court made "a clear error of judgment" and imposed "a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (quotation marks omitted).

Rodriguez's total sentence of 180 months of imprisonment is substantively reasonable. If the two-level importation enhancement did not apply, Rodriguez's total offense level would have been 32 and his resulting guideline range would have been 168 to 210 months of imprisonment instead of 210 to 262 months. Rodriguez's sentence was within the lower guideline range, "so we expect [it] to be reasonable." *United States v. Dixon*, 901 F.3d 1322, 1351 (11th Cir. 2018) (quotation marks omitted). It was also well below the

5

statutory maximum of life imprisonment that applied to two counts, which is another indicator of reasonableness. *United States v. Nagel*, 835 F.3d 1371, 1377 (11th Cir. 2016) ("The sentence is also significantly less than the applicable statutory maximum of life in prison, which points strongly to reasonableness.").

The reasonableness of the sentence is also supported by the facts of the case and the 18 U.S.C. § 3553(a) sentencing factors. Rodriguez was a leader in a drug-trafficking organization that distributed large quantities of heroin. He also had several prior drug-trafficking convictions, and the presentence investigation report indicates that Rodriguez began the drug-trafficking activities in this case not long after he was released from state prison on a ten-year sentence for trafficking in heroin. Based on the offense conduct and Rodriguez's criminal history and personal characteristics, we cannot say that the sentence "lies outside the range of reasonable sentences dictated by the facts of the case." *Gonzalez*, 550 F.3d at 1324.

Rodriguez maintains that the district court failed to adequately explain its decision at resentencing to deviate from its original decision to vary downward from the low end of the guideline range by 30 months. But we have rejected the argument that "when the only change between initial sentencing and resentencing is a decrease in the advisory guidelines range, the district court must decrease the defendant's sentence." *United States v. Rosales-Bruno*, 789

F.3d 1249, 1258 (11th Cir. 2015).  And the record here shows that "the district court thought that the appropriate sentence in view of all of the facts and circumstances" was 180 months, regardless of its resolution of the importation enhancement.  *Id.*  The court's explanation is sufficient to allow for meaningful review.  *See Gall v. United States*, 552 U.S. 38, 50–51 (2007); *Rita v. United States*, 551 U.S. 338, 356–58 (2007).

For these reasons, we affirm Rodriguez's 180-month sentence.

**AFFIRMED.**